J-S19020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JALEEL GEDDES-KELLY | : | |
| | : | |
| Appellant | : | No. 1348 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003794-2020

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: JANUARY 29, 2024**

This direct appeal returns to us following our denial of counsel's petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Jaleel Geddes-Kelly was convicted of numerous offenses: corrupt organizations; conspiracy to violate corrupt organizations laws; conspiracy to commit access device fraud; dealing in proceeds of unlawful activities (promoting or carrying out unlawful activity); dealing in proceeds of unlawful activities (knowledge that property obtained is stolen or illegally obtained property); two counts of identity theft; theft by deception; access device fraud (publishes, makes, sells, gives or otherwise transfers to another); and access device fraud (possession with knowledge that such access device is counterfeit, altered, or incomplete).[1] When the appeal was before us previously, we directed counsel

---

[1] 18 Pa.C.S.A. §§ 911(b)(3), 911(b)(4), 903, 5111(a)(1), 5111(a)(2), 4120(a), 3922(a), 4106(a)(2), and 4106(a)(3), respectively.

to file an advocate's brief on the issue of whether the evidence was sufficient to sustain Geddes-Kelly's conviction for theft by deception. Counsel has complied with our directions, and the Commonwealth filed a responsive brief. We now affirm.

We previously set forth the facts at length in our initial memorandum. *See Commonwealth v. Geddes-Kelly*, No. 1348 MDA 2022, 2023 WL 6939883, at *1-*4 (Pa.Super. filed Oct. 20, 2023) (unpublished mem.). Briefly, Geddes-Kelly was involved in a fraudulent credit card scheme, where he created credit cards using stolen identifying magnetic strips from cardholders' bank accounts and put the name of his co-conspirator, Tammy Gibson, on the cards. Geddes-Kelly would then accompany Gibson to various Giant Food Stores and direct her to use the fraudulent credit cards to purchase gift cards in the amount of approximately $500. Geddes-Kelly would then use the gift cards to purchase money orders payable to himself.

Presently, Geddes-Kelly argues that the evidence was insufficient to sustain his conviction for theft by deception. He contends the Commonwealth failed to demonstrate that he provided a false impression or intended to defraud Giant, as required under the statute for theft by deception. Geddes-Kelly's Br. at 29. He points out that while he "was present when Ms. Gibson used the cloned credit cards to purchase gift cards, he was not the purchaser" of the gift cards. *Id.* Geddes-Kelly argues that at the time Gibson used the cloned credit cards to purchase the gift cards, the cards had her name on them as the authorized user and Giant was paid at that time. *Id.* at 30. He

maintains that "[i]t was only when the cardholders issued chargebacks that Giant experienced an actual loss." *Id.* Geddes-Kelly concludes that "[t]he Commonwealth's case provides no evidence that the losses Giant experienced were anything other than a potential, albeit actualized, result of the scheme." *Id.* at 31.

This claim is without merit.[2] Our standard of review of a challenge to the sufficiency of the evidence is *de novo*. **Commonwealth v. Rushing**, 99 A.3d 416, 420 (Pa. 2014). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." *Id.* at 420-21. "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). The trier of fact is free to believe all, part, or none of the evidence. **Commonwealth v. Beasley**, 138 A.3d 39, 45 (Pa.Super. 2016). "[T]his Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." **Commonwealth v. Smith**, 146 A.3d 257, 261 (Pa.Super. 2016).

---

[2] We observe that this claim is subject to waiver because it was not raised in Geddes-Kelly's Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa.Super. 2009). We do not find waiver as counsel previously filed an **Anders** brief and we directed counsel to brief the issue on the merits.

Theft by deception is defined, in relevant part:

**(a) Offense defined.--**A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]

18 Pa.C.S.A. § 3922(a)(1). Circumstantial evidence can be sufficient to prove any or all the elements of theft by deception. *See Commonwealth v. Quel*, 27 A.3d 1033, 1037-38 (Pa.Super. 2011).

Here, the Commonwealth presented evidence that Geddes-Kelly intentionally obtained the property of another, that is, money from lines of credit belonging to actual bank customers. Geddes-Kelly participated in intentional deception by providing Gibson with cloned credit cards bearing her name and knowingly directing her to create a false impression that she was the lawful owner of the credit cards. Geddes-Kelly then instructed Gibson to buy gift cards from Giant under these false pretenses. The evidence established that Geddes-Kelly was always the ultimate intended recipient of the gift cards throughout the scheme, and Gibson never used the cloned credit cards for her own benefit. The Commonwealth thus adduced sufficient evidence to support Geddes-Kelly's conviction for theft by deception.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2024